**SO ORDERED: June 08, 2006.**

_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| WAYNE L. PHILLIPS, | ) | CASE NO. 04-72203-BHL-7 |
|    Debtor. | ) | |

**ORDER**

This matter comes before the Court on the **Trustee's Amended Objection to Exemptions** filed on April 27, 2005. After a failed attempt at remediation, the Court conducted a hearing on the foregoing matter on May 17, 2006. Subsequently, on May 23, the **Trustee's Brief in Support of Objection to Exemptions** was filed. Fifth Third Bank, a creditor in this proceeding, likewise filed a **Brief in Support of Objection to Exemptions** on May 26. Finally, the **Debtor's Brief in Support of Florida Domicile** was filed on June 2, 2006. The Court, having reviewed the foregoing pleadings and being otherwise fully and sufficiently advised, now makes the following Findings of Fact and Conclusions of Law:

Findings of Fact

1. On June 10, 2004, the Debtor, Wayne D. Phillips ["Phillips"], and his wife executed

a purchase agreement to purchase a home in Pensacola, Florida.

2.      The sale closed on July 14, 2004, and Phillips "took possession" that same day.

3.      Between July 13 and 15, Phillips obtained a Florida drivers license, licensed one car in Florida, registered to vote, had the utilities to the Pensacola home connected, filed his Florida homestead exemption, established a checking account and a business post office box, and enrolled his children in school.

4.      Phillips and his wife returned to Indiana on July 15, 2004. On July 22 and 23, Shetler Moving loaded between half and two-thirds of the debtor's furniture and household goods. The truck left Newburgh for Florida on July 23, 2004. The debtor and his family left sometime between July 23 and July 27, after the truck arrived at the home in Pensacola.

5.      Phillips continued to conduct business from his Indiana residence. He still maintained one or more bank accounts in Indiana at the time of the move. He continued to utilize the home for business and personal reasons subsequent to the Florida move, and mail was received at the Indiana location until September, 2004.

6.      A Notice of Change of Address for the Debtor's business, Foxfire, LLC, was filed with this Court on August 18, 2004.

7.      An involuntary bankruptcy proceeding was commenced against Phillips on October 20, 2004.

8.      Phillips has claimed certain exemptions based upon Florida law within Schedule C to which the Trustee and Fifth Third Bank have objected.

Conclusions of Law

    1.    Section 522(b)(2)(A) of Title 11 of the United States Code provides that a debtor may list as exempt:

> . . . any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place.

    2.    The parties agree that the critical date for determining domicile under the foregoing statute is, therefore, the 91st day or July 21, 2004.

    3.    A person may only have one domicile at a time and once domicile is established, it is presumed to continue until it is shown to be superceded. *Mitchell v. United States*, 88 U.S. 350 (1884). The burden of proving a change of domicile is on the person alleging the change. *In re Koons*, 225 B.R. 121, 123 (Bankr.E.D.Va. 1998).

    4.    Generally speaking, if the Debtor asserts a change in domicile, he must prove both (1) physical presence at the new location along with (2) an intention to remain there indefinitely or the absence of any intention to go elsewhere. *Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 448 (5th Cir. 2003); *In re Ring*, 144 B.R. 446, 449 (Bankr.E.D. Mo. 1992) (citing *Holmes v. Sopuch*, 639 F.2d 431, 433 (8th Cir. 1981)).

    5.    "An essential ingredient of the intention requirement is the intent to give up the old domicile." *In re Schmidt*, 258 B.R. 804, 807 (Bankr.N.D.Ala. 2001).

    6.    Phillips was physically present in Indiana for the greater portion of the 180 days immediately prior to the filing. As of July 21, 2004, Phillips was not physically present in Florida. A substantial portion of his furniture and personal property remained in the Indiana residence or an

Indiana storage facility. He maintained several Indiana bank accounts and continued to conduct business from his Indiana residence subsequent to July 21, 2004. He also utilized the home for personal reasons subsequent to the Florida move, and received mail in Indiana until September, 2004.

      7.      For all of the foregoing reasons, the Court finds that Phillips did not evidence the intention to relinquish his Indiana domicile until sometime subsequent to July 21, 2004. The Trustee's Objection to Exemptions is, accordingly, GRANTED.

      **SO ORDERED**.

# # #

Distribution:
Douglas Patterson
2221 W. Franklin St.
Evansville, IN 47712

R. Stephen LaPlante
P.O. Box 3326
Evansville, IN 47732

Andrew Ozete
Bamberger, Foreman, Oswald & Hahn, LLP
708 Hulman Bldg.
P.O. Box 657
Evansville, IN 47704-0657

U.S. Trustee
101 W. Ohio St.
Suite 1000
Indianapolis, IN 46204